UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROLLAN A. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13-CV-1903 CAS |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Before the Court are several miscellaneous motions filed by petitioner, including a motion for appointment of counsel, a motion for discovery, a motion for appointment of a magistrate judge, a motion to hold his case in abeyance, and a motion for extension of time.

Petitioner's motions are entirely lacking in substance. Each motion contains only a sentence or two and lacks any factual information supporting his requests.[1] Nonetheless, the Court will review each of petitioner's motions in turn.[2]

*Petitioner's Motion for Appointment of Counsel*

Petitioner's motion for appointment of counsel will be denied at this time. Habeas proceedings are civil in nature, and, thus, habeas petitioners have no Sixth Amendment right to counsel. See Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994); McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) ("there is neither a constitutional no statutory right to counsel in habeas

---

[1]For example, petitioner has filed motions for "liberal construction" and for appointment of a magistrate judge. [Doc. #5 and #6]  These motions fail to state any factual support whatsoever for petitioner's requests.  As a result, they will be denied.

[2]Although the Court gives petitioner's application for writ and accompanying motions the benefit of a liberal construction, Haines v. Kerner, 404 U.S. 519 (1972), it will not create facts or claims that have not been alleged.  See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

proceedings"). A Court may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Except when an evidentiary hearing is held, the Court may use its discretion in deciding whether to appoint counsel. See Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). To determine whether appointment of counsel is warranted, the Court should examine the nature of the litigation, the litigant's ability to do research and present his claims, and the complexity of the issues. See id.; McCall, 114 F.3d at 756.

A review of the pro se petition indicates that it adequately represents petitioner's issues. See Glass v. Higgins, 959 F.2d 88, 90 (8th Cir. 1992). Although the instant petition raises numerous grounds for relief, the Court notes that none of these claims appear legally or factually complex and petitioner has provided a lengthy argument of his claims to this Court for adjudication.

After examining the record, the undersigned finds that neither the interests of justice nor due process requires the appointment of counsel at this stage of the litigation. As such, petitioner's motion for appointment of counsel will be denied.

*Petitioner's Motion for Extension of Time and for Abeyance*

Petitioner requests a 120-day extension of time to "completely exhaust his state judicial remedies regarding unexhausted claims of actual innocence which is potentially meritorious . . ." In his motion for abeyance, petitioner states that he seeks a stay of this action in "regards [to] exhaustion of actual innocence claim in state courts." Plaintiff references "Appendix A" in correspondence with his claim.

In Appendix A, plaintiff argues that the State of Missouri failed to produce exculpatory evidence during his criminal trial which prohibited him from raising his actual innocence claims on direct appeal and in his post-conviction motions. See Brady v. Maryland, 373 U.S. 83 (1963). However, plaintiff fails to identify the alleged exculpatory evidence that was purportedly withheld.

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005).  Entitlement to a stay requires not only consideration of whether petitioner had good cause for his failure to exhaust, but also whether his unexhausted claims are "plainly meritless," whether the claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78.

Prior to considering the merits of a state petitioner's habeas claims, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines, 544 U.S. at 269 (2005).

A stay and abeyance is not appropriate in this case. The only claim petitioner bases his request on is his claim for actual innocence which he asserts arose due to a Brady violation. However, he has failed to tell the Court exactly what evidence he believes was withheld by the

3

prosecutors in his criminal trial and why this evidence provides a gateway to his claim for actual innocence.  "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  Herrera v. Collins, 506 U.S. 390, 400 (1993).

Additionally, petitioner has not stated why the state courts would take up his alleged unexhausted claim for actual innocence at this time, and he has not shown good cause for his failure to present this alleged unexhausted claim to the state court.  As such, his motion to stay and abey will be denied.

*Motion for Discovery*

Petitioner requests, in a conclusory and general manner, "permission" for discovery.  A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course.  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

Petitioner has failed to articulate why he needs to conduct discovery in this habeas corpus action.  Thus, upon consideration, the Court finds that petitioner has not demonstrated good cause to conduct the general and broad-based discovery he seeks.  His request will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for appointment of counsel is **DENIED** without prejudice.  [Doc. 4]

**IT IS FURTHER ORDERED** that petitioner's motions for extension of time and for abeyance are **DENIED** without prejudice.  [Docs. 7, 9]

4

**IT IS FURTHER ORDERED** that petitioner's motion for discovery is **DENIED**.  [Doc. 8]

**IT IS FURTHER ORDERED** that petitioner's motions for liberal construction and for appointment of a magistrate judge are **DENIED**.  [Doc. 5, 6]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   30th   day of October, 2013.